NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE CERVANTES-VALDOVINOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   16-71017

Agency No. A089-246-912

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Petitioner Jose Cervantes-Valdovinos seeks review of a Board of Immigration Appeals (BIA) order dismissing his administrative appeal from an Immigration Judge's (IJ) decision to deny his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252 and we deny the petition for review.

1. Petitioner argues that the IJ erred in rejecting his request to continue his merits hearing based on former President Barack Obama's pledge to "take action after the November [2014] election," which Petitioner construed as referring to liberalization of immigration law. We disagree. An IJ has discretion to continue hearings for good cause. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). The IJ did not abuse his discretion in declining to continue Petitioner's merits hearing. Petitioner's claim about liberalization of immigration law is speculative. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam). It was also unreasonable for Petitioner to move for an indefinite continuance pending the possible future passage of favorable immigration laws, which would inconvenience the immigration court by frustrating final resolution of his case. *See Gonzalez v. I.N.S.*, 82 F.3d 903, 908 (9th Cir. 1996). And Petitioner received prior continuances that gave him over a year to prepare for his merits hearing. Because Petitioner did not establish good cause for another continuance, we deny the petition for review as to this decision by the IJ. *See Ahmed*, 569 F.3d at 1012; *Sandoval-Luna*, 526 F.3d at 1247.

2. Petitioner claims that the IJ improperly ignored changed circumstances in applying the one-year filing deadline to his application for asylum. But the BIA pretermitted this timeliness question in rejecting Petitioner's asylum claim on the

merits. We review only the BIA's order and the parts of the IJ's decision adopted by the BIA, *see Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000), and we cannot uphold a BIA order on grounds not invoked by the BIA, *see Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943), so we deny the petition for review as to this timeliness issue.

3. Apart from timeliness, Petitioner contends that the agency wrongly rejected his asylum application on the merits. His argument is futile due to the applicable standard of review. Regardless of whether Petitioner set out cognizable particular social groups, substantial evidence supports the agency's dispositive conclusions that he did not establish the requisite past persecution or well-founded fear of future persecution for asylum. *See Sharma v. Garland*, 9 F.4th 1052, 1059–60, 1065 (9th Cir. 2021). In this context, we must deny the petition for review as to the merits of Petitioner's asylum claim. *See id*.

Petitioner contends that he established past persecution based on a 2010 incident. He testified that the Mexicali police seized his identification and wallet with contact information for his family members, demanded money to transport him across the United States border, jailed him for four days and beat him with weapons, then called his mother to inquire into his whereabouts after he escaped, but did not otherwise contact or harm him or his relatives. We reject that contention. We have deemed comparable or worse mistreatment by local authorities insufficient to

constitute past persecution. *See, e.g., Gu v. Gonzales*, 454 F.3d 1014, 1017–21 (9th Cir. 2006); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004).

Any well-founded fear of future persecution must be objectively reasonable, and Petitioner's fear of returning to Mexico, which is based on his family's land ownership there, does not meet this standard. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). Petitioner's father, who currently owns the land in question, did not experience any land-related problems between 1996 and Petitioner's 2014 merits hearing, so any argument that water rights on this land "will likely become the source of conflict" is speculative. Besides, Petitioner's parents and three of his siblings still live in Mexico and he is similarly situated to these relatives vis-à-vis the family's land ownership, which undercuts his fear of future harm in Mexico. *See Gormley*, 364 F.3d at 1178–79 (citing *Lim v. I.N.S.*, 224 F.3d 929, 935 (9th Cir. 2000)).

4.     Petitioner did not challenge the agency's decision not to grant withholding of removal in his Opening Brief, so he has forfeited review of this claim. *See Etemadi v. Garland*, 12 F.4th 1013, 1026 (9th Cir. 2021). In any event, Petitioner's inability to gain asylum is fatal to his request for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

5.     Petitioner asserts that the agency erroneously rejected his application for CAT protection. We disagree. CAT relief is available only to petitioners who show that

4

they will more likely than not be tortured in their country by or with the acquiescence of a public official or other individual acting in an official capacity. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). And substantial evidence supports the BIA's conclusion that Petitioner did not satisfy this standard. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022).

The record establishes that Petitioner's family had moved away from the Mexican town where their 1996 land dispute occurred and did not have any land-related issues between 1996 and Petitioner's 2014 merits hearing. Also, Mexicali is a day and a half drive from the town where Petitioner's family now lives, and the Mexicali police who allegedly detained Petitioner in 2010 have not contacted or harmed Petitioner or his family apart from one phone call in 2010. Nor has Petitioner been contacted or threatened by anyone in Mexico since 2010. And Petitioner was unaware of any adverse incidents in Mexico involving his spouse or her family. The record does not compel the conclusion that Petitioner demonstrated the "clear probability" of torture necessary to gain CAT protection. *See East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 674 (9th Cir. 2021); *Ruiz-Colmenares*, 25 F.4th at 751 (denying CAT relief in similar circumstances).

**PETITION DENIED.**